**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rafael CEJA, Defendant–Appellant.**

No. 02–2316.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 29, 2003.

Decided Feb. 6, 2003.

Before COFFEY, EASTERBROOK,
and KANNE, Circuit Judges.

Order

Convicted of conspiring to import the marijuana that had been secreted in furniture trucked from Mexico to his stores, Rafael Ceja asked the district judge for a low sentence on the grounds that he had been coerced into participating, and that his lawyers had refused to allow him to testify about this. After an evidentiary hearing (including testimony by both lawyers that they had not impeded Ceja's testimony and that he had never informed them about the supposed "coercion" by the other conspirators), the judge found that Ceja was lying–that he had not been coerced, and that his lawyers had not precluded him from testifying. This finding led to a two-level enhancement for obstruction of justice and cost Ceja any chance at a safety-valve reduction as a person who cooperated fully with the investigation. See U.S.S.G. § 5C1.2. He appeals from the sentence of 188 months' imprisonment.

The district judge's factual findings are reviewed for clear error, of which there is none. They are based on live testimony and permissible inferences (such as the improbability that someone who had been coerced into participating in drug dealing would fail to tell his lawyers). Testimony at trial, detailing a controlled delivery, showed Ceja to be an active participant in the scheme. The false statements were material, so an enhancement for obstruction of justice was authorized. Deceit about a material issue also knocks out the possibility of a safety-valve reduction. And the district judge did not commit clear error or abuse his discretion by denying Ceja's request for a lower sentence as a minor participant. The judge was not obliged to believe Ceja's self-serving assertions that he was just a pawn in a larger venture; and he was held accountable for no more than the drugs imported using his business as a cover.

AFFIRMED